Entered on Docket March 18, 2016

Below is a Memorandum Decision of the Court.

_____
**Paul B. Snyder**
**U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>DONNA ANNE STUART,<br><br>                    Debtor. | **Case No. 13-42912** |
| WADE JUSTIN WEST,<br><br>                    Plaintiff,<br><br>v.<br><br>DONNA ANNE STUART,<br><br>                    Defendant. | **Adversary No. 15-04052**<br><br>**MEMORANDUM DECISION**<br><br>**Not for Publication** |

This matter comes before the Court on a Motion to Dismiss Plaintiff's Complaint re: Lack of Subject Matter Jurisdiction; Collateral Estoppel filed by Donna Stuart (Debtor/Defendant). An objection was filed by Wade West (Plaintiff). After a hearing held on March 14, 2016, the Court took the matter under advisement. Based on the arguments made and pleadings presented, the following is the Court's Memorandum Decision.

The Debtor filed a voluntary Chapter 7 bankruptcy petition on April 30, 2013. The Chapter 7 Trustee filed a Report of No Distribution on June 13, 2013. The Plaintiff filed a complaint on July 26, 2013, seeking nondischargeability of debt pursuant to 11 U.S.C.

MEMORANDUM DECISION - 1

**Below is a Memorandum Decision of the Court.**

§ 523(a)(2)(A), (4), and (6).[1]  See Adv. No. 13-04317.  The Debtor was granted a discharge on August 14, 2013, and the Debtor's main bankruptcy case was closed on August 19, 2013.

Trial was held in Adversary No. 13-04317 on February 11, 2014, and on March 20, 2014, the Court rendered an oral decision containing findings of fact and conclusions of law declaring the debt owed by the Debtor to the Plaintiff dischargeable.  An Order on Dischargeability was also entered on March 20, 2014.  Adversary No. 13-04317 was closed on April 4, 2014.

On March 20, 2015, the Plaintiff filed a Complaint to Revoke Discharge of Debtor in the current adversary proceeding.  The basis is stated as § 727(d).  An amended complaint was filed on March 25, 2015.  In her motion before the Court, the Debtor seeks to dismiss the complaint based on lack of subject matter jurisdiction and/or collateral estoppel.

A creditor may seek to revoke a debtor's discharge pursuant to § 727(d).  Section 727(e) establishes the statutory deadline for filing an adversary proceeding to revoke a debtor's discharge under § 727(d).  The Bankruptcy Appellate Panel for the Ninth Circuit (BAP) has recently held that § 727(e) is a non-waivable statute of repose not subject to equitable tolling.  Weil v. Elliott (In re Elliott), 529 B.R. 747, 754 (9th Cir. BAP 2015).

The Plaintiff has not clearly articulated under which section of § 727(d) he is seeking to revoke the Debtor's discharge.  In the amended complaint filed March 25, 2015, the Plaintiff states that he is seeking to revoke the Debtor's discharge under § 727(d).  However, in the body of the complaint, the Plaintiff states in several instances that he is seeking revocation only under § 727(d)(1).  See Amended Complaint 13:6, 8, and 15; 16:3, ECF No. 3.  The Plaintiff does not cite to any of the other sections of § 727(d) in his Amended Complaint.

According to § 727(e)(1), a complaint to revoke a discharge under (d)(1), must be filed within one year after such discharge is granted.  The Debtor's discharge was granted in this

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM DECISION - 2

case on August 14, 2013. As the present adversary proceeding was not filed until March 20, 2015, the complaint is not timely.

If the Plaintiff is instead proceeding under § 727(d)(2) or (d)(3), which if true would likely require the Plaintiff to file a motion to amend the complaint, the complaint is also not timely. The time limit for filing an adversary proceeding to revoke a discharge under § 727(d)(1) is different than under (d)(2) or (d)(3). According to § 727(e)(2) a complaint to revoke a discharge under (d)(2) or (d)(3) must be filed before the later of (A) one year after the granting of such discharge; and (B) the date the case is closed.

As stated previously, the Debtor's discharge was granted on August 14, 2013, and the Debtor's main bankruptcy case was closed on August 19, 2013. Accordingly, the deadline for filing a complaint under § 727(d)(2) or (d)(3) in this case was the later of August 14, 2014, which is one year after the discharge date of August 14, 2013, or August 19, 2013, which is the date the main bankruptcy case was closed. As the later of these two dates is August 14, 2014, the Plaintiff had until that date to file his complaint. The Plaintiff's complaint is not timely because it was not filed until March 20, 2015.

The Plaintiff incorrectly states in his response to the motion to dismiss that the complaint is timely because the case was not closed until April 4, 2014. This, however, is the date that the adversary proceeding was closed, not the main case. Section 727(e)(2)(B), specifically refers to the date the "case," as opposed to "adversary proceeding" is closed. However, even if the April 4, 2014 date was applicable, the later date is still the date one year after discharge, or August 14, 2014, and therefore untimely.

Assuming arguendo that the complaint is not barred as untimely, the Debtor is correct that the allegations in the complaint are also barred by collateral estoppel. The preclusive effect of a prior federal judgment is determined by federal law. FDIC v. Berr (In re Berr), 172 B.R. 299, 304 (9th Cir. BAP 1994). In order for collateral estoppel to apply, the moving party

MEMORANDUM DECISION - 3

**Below is a Memorandum Decision of the Court.**

must establish: (1) the issues sought to be precluded must be the same as involved in the prior proceeding; (2) the issues must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the final judgment. Berr, 172 B.R. at 306.

The parties involved in both proceedings are identical and involve the same issues. The prior complaint was filed by the Plaintiff seeking to determine dischargeability of debt under § 523(a)(2), (4), and (6). The Plaintiff alleged that the Debtor obtained possession of his personal property by false pretenses, embezzlement and conversion. The Court determined that the Plaintiff failed to establish these claims and declared the debts dischargeable. Plaintiff now seeks to revoke the Debtor's discharge based on almost the identical factual pattern involving the Debtor's alleged fraud. This Court heard testimony in the prior trial on these same allegations and failed to find that the Plaintiff's debts were nondischargeable. The "identity of issues" prong is satisfied.

In addition, at the March 14, 2016 hearing, the Court specifically asked the Plaintiff to articulate what new "issues" he is relying on in seeking to revoke the Debtor's discharge. The only new issues the Plaintiff identified were those set forth in the declaration of the Plaintiff's mother, Janice Kae Ciletti, filed as an attachment to the Plaintiff's original complaint. See Complaint 36-39, ECF No. 1. The Court has reviewed this declaration and the allegations contained therein, even if true, do not raise any additional issues that would preclude the application of collateral estoppel. The Debtor's listing of Janice Ciletti as a potential creditor in her bankruptcy schedules does not support revocation of discharge even if the Plaintiff could establish that no debt exists. Nor do Janice Ciletti's statements regarding the Debtor's alleged misstatements at trial. Janice Ciletti states that she was "present" during the February 11, 2014 hearing. Complaint 37:14-16, ECF No. 1. Clearly she could have been called as a witness to refute any misstatements allegedly made by the Debtor in her testimony, had the

MEMORANDUM DECISION - 4

Plaintiff thought it necessary. Collateral estoppel prevents the Plaintiff from now relying on such inaccuracies to revisit these issues.

The Court's ruling and judgment was issued after trial at which both parties participated. This satisfies the "actually litigated" requirement.

The judgment entered by this Court in the dischargeability proceeding constitutes a final judgment. No appeal was filed and no grounds for challenging the judgment at this late date have been stated. The Plaintiff's statement in his response that the prior judgment is not final because he did not "consent" is based on an incorrect understanding of the Bankruptcy Code and this Court's jurisdictional authority. Not only was the complaint filed by the Plaintiff, thereby invoking this Court's jurisdiction, consent to entry of a final judgment was not required by 28 U.S.C. § 157.

Finally, in the prior proceeding, the Plaintiff specifically alleged "fraud" as a basis for declaring the debt nondischargeable. The Court determined that the Plaintiff failed to establish the necessary elements and this determination was necessary to the Court's Order on Dischargeability. All elements for collateral estoppel are therefore satisfied.

Accordingly, the Court determines that the current adversary proceeding for relief under 11 U.S.C. § 727(d) was not timely filed and is barred by collateral estoppel. The Debtor's motion to dismiss is granted.

///End of Memorandum Decision///